IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-01849-MSK-MJW

BRIDGET DONOVAN,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

THIS MATTER comes before the Court on the Plaintiff's Motion for an Order for Reasonable Attorney Fees Under 42 U.S.C. § 406(b) **(#35)**. The Defendant does not oppose the motion **(#36)**. Having considered the motion, the Court

**FINDS** and **CONCLUDES** that:

This matter originally came before the Court on an Administrative Law Judge's ("ALJ") denial of the Plaintiff's request for Social Security disability benefits and supplemental security income. On January 13, 2005, the Court reversed that decision and remanded the matter to the Commissioner of Social Security. After the entry of judgment and upon the Plaintiff's motion, the Court awarded her $4,243.84 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

Upon remand, the ALJ issued a decision in favor of the Plaintiff and awarded $49,754 in past-due benefits. The Plaintiff's attorney claims an entitlement to 25% of this amount ($12,438.50) based upon a contingent fee agreement and pursuant to the Social Security Act, 42

U.S.C. § 406(b). Such amount is currently being held by the Defendant from the award of past-due benefits.

Pursuant to 42 U.S.C. § 406(b)(1)(A):

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph. . . .

To determine a reasonable fee under § 406(b), a court does not use the lodestar method; rather, the claimant's attorney "must show that the fee sought is reasonable for the services rendered." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A court should consider the results obtained, the amount of time spent on the case, and the attorney's expertise in determining whether the amount of fees sought is reasonable. *See id.* at 808.

A court may award attorney fees both under 42 U.S.C. § 406(b) and under the EAJA. *See See Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). However, if an attorney is awarded 25% of the past-due benefits as attorney fees, any EAJA award must be remitted to the claimant. *See id.* at 1287.

The Plaintiff's attorney contends that the 25% fee is reasonable because she spent approximately 42 hours representing the Plaintiff in this case, she has nearly 20 years of experience in representing claimants of Social Security disability benefits, and by taking the case

on a contingency basis, she faced a risk of loss.  The ALJ has already authorized a fee of $3,750 for representation of the Plaintiff in the administrative proceedings under 42 U.S.C. § 406(b). The Plaintiff's attorney therefore seeks an additional $8,688.50 in attorney fees.  Upon payment of such fee, she intends to remit the EAJA fee of $4,243.84 to the Plaintiff.

No party contests the reasonableness of the requested fees.  In light of counsel's experience and the number of hours expended on this case, the Court grants the request for attorney fees under 42 U.S.C. § 406(b).

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiff's Motion for an Order for Reasonable Attorney Fees Under 42 U.S.C. § 406(b) **(#35)** is **GRANTED**.

(2) The Defendant shall pay $8,688.50 in attorney fees directly to the Plaintiff's attorney.  Upon receipt of such payment, the Plaintiff's attorney shall remit $4,243.84 to the Plaintiff.

Dated this 11th day of May, 2006

                                            **BY THE COURT:**

                                            Marcia S. Krieger
                                            United States District Judge